Sol Jaffe
1350 West Van Buren #1038
Phoenix, Arizona  85007
(602) 277-9300
Plaintiff in Pro Per

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOL JAFFE, PLAINTIFF | ) Case No. CV-14-1365-PHX-ROS |
| VS. | ) COMPLAINT AGAINST EACH |
| EQUIFAX INFORMATION SERVICES LLC; CAPITAL ONE FINANCIAL CORPORATION; DOES 1-100 | ) AND EVERY DEFENDANT FOR<br>) 1. FCRA (15 USCA 1681 et al) VIOLATIONS<br>) 2. INTENTIONAL INFLICTION OF<br>)    PHYSICAL AND EMOTIONAL DISTRESS<br>) 3. GROSS NEGLIGENCE |
| // | ) 4. FRAUD<br>) 5. DECLARATORY RELIEF |

**JURY TRIAL REQUESTED**

PLAINTIFF, SOL JAFFE (JAFFE) alleges for his claims against the aforementioned DEFENDANTS as follows:

**EVENTS JURISDICTION**

All events in this complaint took place within the STATE of ARIZONA and the COUNTY of MARICOPA; and all of the Defendants are engaged in interstate commerce.  Plaintiff, who resides within this aforementioned County and State, has incurred damages in excess of $70.000.00 within same.

**PARTIES JURISDICTION**

1. PLAINTIFF SOL JAFFE resides at 1350 West Van Buren, #1038, Phoenix, AZ. 85007. HEREIN after referred to as JAFFE.

NAMED DEFENDANTS ARE AS FOLLOWS:

1

2. EQUIFAX INFORMATION SERVICES LLC (herein after referred to as EQUIFAX) is located at 1550 Peachtree Road NW, Atlanta, GA. 30309; and its agent for service is The Corporation Service Company, 2711 Centerville Road, suite 400, Wilmington, DE. 19801. Phone 302-636-5401.

3. CAPITAL ONE FINANCIAL CORPORATION is a Delaware Corporation that controls all subsidiaries involved in this complaint (CAPITAL ONE, CAPITAL ONE BANK NA, CAPITAL ONE SERVICES LLC, et al); and is located at 1680 Capital One Drive, McLean, VA. 22102 ( herein after referred to as CAPITAL ONE); and its agent for service is The Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808. Phone -302-636-5401.

4. Does 1-100 is reserved for additional DEFENDANTS unidentified at this time.

## CODE JURISDICTION

16. This COURT has statutory jurisdiction under 15 USCA 1681 et al as this COURT shall have jurisdiction under civil actions arising from United States Code Violations; and in addition, in further support of the District Court's jurisdiction, JAFFE states that the Defendants are engaged in interstate commerce; and JAFFE'S present damages are in excess of $70,000.00 (Litigation/Medical and punitive damages et al) involving same.

## COMPLAINT

## FACTS

17. JAFFE has just spent over five years to date with credit card litigation with CAPITAL ONE; and he knows that he owes nothing to them; and that they file

lawsuits in the hope that no one shows up, as they have no credible evidence to support their claims (a prior jury in a Lower State COURTS also agreed with JAFFE); and then they can start collection efforts with additional fees and costs. However, whether they win or loose lawsuits they file credit claims with credit bureaus claiming that you owe them monies not owed in order to advance their credit collection efforts. If they cannot get monies through litigation they still continue in their efforts through the use of Credit Bureaus (EQUIFAX). You have to pay extorted monies in order to delete the fraudulent information from your credit report; and even if you don't, they use the credit reporting to enhance the sale price of the fraudulent debt to someone else and/or to gain tax benefits by listing charge offs of debts not owed. It does not matter to them if they win or loose the underlying lawsuit. They still win in their fraudulent schemes. In the end they file credit reports for collection/sale/tax efforts with credit bureaus. In any/either case their activities are civilly and criminally actionable. As they are in this case. Their actions still caused harm to JAFFE.

18. JAFFE'S problems with CAPITAL ONE began in 2009 when they sued him for debts not owed. Litigation has been on going since then. The actually underlying lawsuits were dismissed in the Lower Courts for lack of evidence; on appeal et al.

19. CAPITAL ONE is fully aware of the fact that JAFFE is a senior citizen, who has old age and hypertension medical problems; and that they are causing irrevocable damages to his health by constantly trying to collect on claimed debts for which the Lower courts have already ruled against them. They have previously been

forwarded evidence showing that JAFFE'S medical bills are in excess of $5000.00 a year.

20. JAFFE has a filed a series of separate lawsuits in STATE and DISTRICT COURTS involving these matters (from 2009 to date); and CAPITAL ONE has yet to be held liable for their actions.

21. JAFFE originally filed a malicious prosecution case against CAPITAL ONE, involving their frivolous lawsuits against him in 2009; and his complaint was ruled as flawed and dismissed for same.  The STATE COURTS denied his claims for lack of jurisdiction et al.

22. JAFFE filed an FCRA complaint against CAPITAL ONE involving their false listings with EXPERIAN.  And this was, again, denied for technical issues.

23. JAFFE filed a STATE TORT action against CAPITAL ONE for filing a judgment, that had been vacated previously, with the County Recorder; and the COURTS requested that they correct same. Which they half heartily did.

24. JAFFE filed a STATE TORT action against CAPITAL ONE for the sending of statements, trying to collect monies not owed; and the first COURT essentially ruled "no big deal"; and dismissed the complaint. The State Appellant Court is presently looking at this matter (CAPITAL ONE filed fraudulent documents, and an affidavit which contained perjury in order to evidence that JAFFE owed them monies, for which another Court ruled he did not).

25. Now we come to CAPITAL ONE, again, and its interactions with EQUIFAX. EQUIFAX is fully aware of all the prior litigation in this matter; as JAFFE has informed them of same; and yet they continue to support CAPITAL ONE'S

collection efforts to use EQUIFAX (a Credit Bureau) to collect monies not owed by listings two debts, which were already ruled to be false, on their credit report.

26. This herein present case evolves around 7 months of communications with CAPITAL ONE, regarding their listing of these fraudulent debt claims on his credit report with EQUIFAX; and their refusal to remove same. In December of 2013, when JAFFE was denied credit based upon EQUIFAX'S reporting of CAPITAL ONE debts not owed and/or judgments that were vacated for same. JAFFE has failed to get them to remove same to date; which necessitates this herein lawsuit.

27. Across the last 7 months EQUIFAX finally removed the judgments, but they refused to remove the CAPITAL ONE charge off debts on their credit report. One debt is listed as charged off (gaining illegal tax benefits), and then sold, as if selling a fraudulent debt and/or tax fraud are matters for which the FCRA allows them to list same on credit reports. The claim seems to be that a Credit Bureau is an advertising agency for criminal activities.

28. EQUIFAX states that they have contacted CAPITAL ONE and they have verified their listings as true and correct; and CAPITAL ONE agrees that they have verified the claims with EQUIFAX. Both parties have conspired with each other in order to support the sale of fraudulent debts and/or tax fraud and/or to assist in the collection process by causing JAFFE to be denied credit until he pays up monies not owed. Thus, EQUIFAX will continue to list same on JAFFE'S credit report until a Court orders them to stop. Both parties are in a conspiracy with each other to support CAPITAL ONE'S collection and/or criminal activities. They cannot be separated

for litigation purposes. They are both jointly/severely liable under the FCRA and TORT Laws.

29. JAFFE has evidenced to all parties that the charge off of debts not owed violates IRS rules; as it is tax fraud; and the sale of fraudulent debts is also a criminal act. And in any instance, it is not the business of EQUIFAX to advertise same on JAFFE'S credit report, so that he can be denied credit. JAFFE did file a report to the JUSTICE DEPARTMENT. JAFFE cannot file a criminal complaint.

30. JAFFE has requested documentation from all Defendants for their claims; and they have denied providing him with same. There is no means for JAFFE to receive these documents except through the discovery process in this herein Court. The requested denied documents are as follows:

   A. JAFFE has requested copies of policies, procedures and rules, used to verify their fraudulent claims, from both parties. DENIED.

   B. JAFFE has requested copies of all communications between the parties relating to the listings of the fraudulent claims on his credit report. DENIED.

   C. JAFFE has requested all documents that they used to support their fraudulent claims/listings on his credit report. DENIED.

   D. JAFFE has requested all documents relating to the sale/purchase of any of the fraudulent debt listings on his credit report. DENIED.

31. All JAFFE can get, in the over 200 pages of filler communications (e.g. advertisements) from the parties (from December of 2013 until June of 2014) is that they have somehow verified the information to be true and correct; and they will do nothing further. They must be held accountable in a Court of Law for their actions.

32. The denial of credit based upon a fraudulent credit report caused JAFFE the following damages:

   A. JAFFE cannot change his residences. Landlords in better areas do not accept tenants with charge offs and/or judgments on their credit reports. His basic rights, as an American citizen, to freedom of movement to seek peace and happiness are curtailed by these Defendants actions. To be incarcerated by the Defendants within a rough side of town causes JAFFE serious physical and mental distress.

   B. JAFFE cannot be extended credit for travel to California once a year to visit the cemetery where his friends and relatives reside; and where he will finally rest with them. JAFFE is limited to where he can travel, and if he could the costs of said travel is undesirably too costly. Again, he has been incarcerated by the DEFENDANTS; and this causes him extreme mental and physical distress.

   C. JAFFE cannot help his children with their on going problems; as his signature for credit is worthless. This feeling of worthlessness causes him extreme physical and mental distress.

   D. JAFFE, being denied credit based upon his credit report issued by the DEFENDANTS, has incurred the hidden costs of everyday living without credit (e.g. ability to receive and/or increased costs of insurance if available). There are many hidden costs to living without credit and the DEFENDANTS must be held liable for same. This has also caused JAFFE extreme emotional and physical distress.

E. JAFFE'S medical costs are in excess of $5,000.00 a year. CAPITAL ONE and EQUIFAX have been advised of same. This year, due to a series of brain MRIs, his expenses will be over $10,000.00. The DEFENDANTS have acerbated his medical conditions to the extent that they are deemed to be liable for said costs. The amounts of tranquilizers, blood thinners, beta blockers and sleep medications that JAFFE has to take are deemed to be excessive due to the Defendants actions. Some of the damages that they have caused JAFFE are not reversible (e.g. memory loss).

F. JAFFE has been introduced to a series litigation which has caused him to feel worthless as a human being and an American citizenship; and in turn this has caused JAFFE serious emotional and physical pain. An American does not want to see and/or be degraded by any legal actions/process. And yet he has, in order to seek/uphold his due process rights.

G. JAFFE has had to communicate with EQUIFAX, who once stated they would not deal with him unless he could prove he had a middle initial of G; as this is the name on their report (they also list a fictional AKA of Solomon). His social security card, license, and birth certificate do not have a middle initial of G.; as JAFFE does not have same. This has added to JAFFE'S extreme physical and emotional distress. It makes him feel worthless.

H. JAFFE cannot communicate with EQUIFAX by phone because they need proof that he is the JAFFE on their report. This is beyond his name and address and social security number and date of birth et al. In other words

their phone conversations are designed to provide a smoke screen to hide their fraudulent actions. And this has caused JAFFE extreme emotional and physical distress.

I. JAFFE cannot communicate with CAPITAL ONE by phone because when JAFFE does they seem to just want to tell falsehoods-e.g. "we will remove the judgments from the credit report"; this took about 4 months to accomplish; and was only done by written communications with both parties. CAPITAL ONE, in writing, stated that they could do anything about the fraudulent listings of the vacated judgments. This was similar to CAPITAL ONE'S argument in a Lower Court case where they listed said judgment with a County recorder after it was vacated; but the judge in that case did not buy this and gave them an order to do same. In some miraculous way, one day, the judgments on his credit report were deleted with no explanation given. As for EQUIFAX they refused to recognize facts and evidence. This has caused JAFFE extreme emotional and physical distress.

J. JAFFE has had to deal with CAPITAL ONE for over five years, now, over these same types of issues. They only state that they investigated their claims; and they are true and correct; and JAFFE cannot have any documents that they have to support same. JAFFE KNOWS THAT THEY DO NOT HAVE ANY DOCUMENTS THAT WOULD SUPPORT THEIR CLAIMS, DUE TO PRIOR LITIGATION OVER THE LAST FIVE YEARS. EQUIFAX ACCORDINGLY DID NOT VERIFY ANYTHING AS THEY STATED. THEY SIMPLY WANT TO COMMIT FRAUD, IN

CONSPIRACY WITH CAPITAL ONE, FOR THE FEES THEY ARE PAID TO DO SO; AND THAT IS THAT. They (CAPITAL ONE and EQUIFAX) simply want money so that JAFFE can be spared the extreme stress they have put him under. This has caused JAFFE extreme emotional and physical distress.

K.   EQUIFAX has stated that it has conducted verifications of JAFFE'S disputes and found them to be invalid. In some cases they have listed JAFFE'S disputes; and in others they have not. They have refused to remove the fictitious names for JAFFE from his credit report; and this allows disreputable companies to place adverse reports on their files, with no evidence that they relate to JAFFE. When JAFFE sent documentation for their obviously fraudulent claims (wrong person's name, addresses et al) EQUIFAX responded with claims that they have verified with CAPITAL ONE that the monies owed/names et al claimed by CAPITAL ONE were in fact true and correct. This is in itself is a fraudulent statement; as there is no evidence at CAPITAL ONE for same. EQUIFAX has refused to respond to JAFFE'S request for any documents. And they have notified JAFFE that they did not have to read any documents supplied by JAFFE (court orders, birth certificates et al), nor consider them in their investigation in order to refuse to delete their fraudulent listings. In other words they believe that Congress and ALL COURTS support their contention that they can list fraudulent items on credit reports, even if the evidence indicates that the

items listed are false; and cannot be held accountable for same. This has caused JAFFE extreme emotional and physical distress.

## FIRST CAUSE OF ACTION-15 USCA 1681 et al- FCRA VIOLATIONS- ALL DEFENDANTS

33. Plaintiff incorporates by reference paragraphs 1 thru 32 and all following paragraphs of this complaint as if fully set forth.

34. JAFFE is the claimed "consumer" within the meaning of 15 USCA 1681 et al.

35. Defendant EQUIFAX is a consumer reporting agency as defined by 15 USCA 1681 et al. (FCRA). Who acted in concert together with CAPITAL ONE to violate the FCRA. Their actions cannot be separated.

36. CAPITAL ONE is a furnisher of information to consumer reporting agencies under 15USCA 1681 et al. (FCRA. Who acted in concert together with EQUIFAX to violate the FCRA. Their actions cannot be separated.

37. Defendants willfully failed to comply with the requirements imposed under FCRA, including but not limited to:

   A. FAILURE to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by FCRA.

   B. FAILURE to comply with the reinvestigation requirements of the FCRA.

   C. DEFENDANTS knew that they had no legal claims to list against JAFFE yet they refused to correct same; and thus, they failed to comply with the FCRA reporting requirements of same.

   D. DEFENDANTS failed to respond to JAFFE'S disputes in manner required by the FCRA.

E. JAFFE has exhausted all other avenues to alleviate the problems found in this complaint and he had failed at same. This herein COURT is a COURT of last resort.

38. As a direct result of the DEFENDANTS' violations of the FCRA, Plaintiff was caused to suffer denial of credit, lost opportunity to receive credit, damage to his reputation, worry, fear, distress, frustration, embarrassment, and humiliation; and loss of sleep, increased medication usage, memory loss et al. For damages requested see DAMAGE section following this section.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF PHYSICAL AND EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

39. JAFFE re-alleges each and every allegation contained in paragraphs 1 thru 38 and all following paragraphs of this complaint as if fully set forth herein.

40. The Defendants, on their own and through their agents and employees, engaged in the TORTS and violations of the FCRA, which are described in detail above and below; and the actions of the DEFENDANTS were intentionally and deliberately inflicted in order to cause JAFFE severe emotional and physical distress. JAFFE alleges that such conduct was in a vile and reckless manner; in total disregard of the probability of such conduct causing JAFFE severe emotional and physical distress.

41. Can anyone believe that listing a debt that was had already was adjudicated in JAFFE'S favor and/or listing a debt without JAFFE'S name and/or listing fake names for JAFFE in order to support fraudulent claims could be anything but intentional vile and reckless and with malice. Profits through the sale of fraudulent

debts and/or collection of monies not owed through extortion and/or tax fraud are all intentional acts which caused JAFFE severe emotional and physical harm.

42. The foregoing conduct did in fact cause JAFFE to suffer extreme and severe emotional and physical distress. As approximate and direct result of such conduct, JAFFE suffered anxiety, sleeplessness, humiliation, emotional distress, pain and suffering of a physical; and JAFFE will continue to suffer severe emotional and physical distress; some of which is irreversible (e.g. memory loss).

43. The Defendants committed the acts alleged maliciously, fraudulently and oppressively, with the intention of injuring JAFFE; and acted with an improper and evil motive amounting to malice; and in total disregard of JAFFE'S rights as a human being protected under the FCRA and TORT LAW. **"All for a buck, in total disregard of the LAWS of this country" is/ was how the DEFENDANTS acted.** The acts, aforementioned, were done in a deliberate, cold, callous and intentional manner in order to injure and damage JAFFE in order to deny him his rights under the FCRA and/or convert monies and/or gain tax benefits' through fraud. .

44. For damages requested see DAMAGES SECTION which follows.

### THIRD CAUSE OF ACTION
### GROSS NEGLIGENCE-ALL DEFENDANTS

45. Plaintiff incorporates by reference paragraphs 1 thru 44 and all following paragraphs of this complaint as if fully set forth.

46. At all material times the DEFENDANTS were, and are still, involved in the credit reporting and/or debt collections. It is understood that the issues are not complicated. One either owes or does not owe a legal debt. If one owes a legal debt then the reporting of same and/or collections and/or sales and/or charge offs are

permissible under LAW. In this case the DEFENDANTS failed to properly present, when JAFFE requested, any documentation that a legal debt was owed; and EQUIFAX failed to review same. The investigations/re-investigations that they have claimed they had completed was obviously done in a grossly negligent manner. These actions were committed within this COURT'S jurisdiction.

47. At all material times, there existed an implied contractual relationship between the Parties (e.g. Not to list fraudulent claims against JAFFE, in a credit report issued to the general public, in order to cause JAFFE harm). The FCRA and TORT LAW lay the ground work for said contract; and the DEFENDANTS violated same. JAFFE tried to alleviate all matters before litigation began. But he failed. Written communications from JAFFE that evidenced that JAFFE owed no such debts, as claimed, fell upon deaf ears. EQUIFAX stated that their communications and investigations/ re-investigations with CAPITAL ONE indicated otherwise (CAPITAL ONE agreed to same). The Defendants failed to correct said reports, and the dissemination of fraudulent information continued. Obviously their investigative procedures are grossly negligent, as they list debts that were previously adjudicated in JAFFE'S favor; and/or debt that does not bear JAFFE'S name; and/or documents that do not evidence any debts occurred. Let us also remember that the DEFENDANTS refused to provide JAFFE with any documentation to support their fraudulent claims (they do not exist).

48. As a direct proximity result of the DEFENDANTS violations of JAFFE'S FCRA and TORT LAW rights, and their grossly negligent investigative practices, JAFFE has suffered emotional and bodily injury; experienced severe pain and suffering,

and a loss of capacity for the enjoyment of life; and incurred serious monetary damages; and he continues to incur damages for some time into the future. For damages requested see DAMAGE section following this section.

## FOURTH CAUSE OF ACTION-FRAUD-ALL DEFENDANTS

49. Plaintiff incorporates by reference paragraphs 1 thru 48 and all following paragraphs of this complaint as if fully set forth.

50. The CAPITAL ONE intentionally certified a vacated judgment in Superior Court in order to commit fraud and cause JAFFE harm.

51. After CAPITAL ONE certified the vacated judgment they caused same to be made by a public record by falsely verifying that there was no stay of judgment and/or defects in the judgment; and filed same with the County Recorder.

52. When JAFFE caught CAPITAL ONE in their fraud they went on to further their fraudulent acts by filing a fraudulent satisfaction of judgment; which meant to the public that JAFFE paid the vacated judgment; which caused JAFFE further harm. E.g. JAFFE had to be taken to COURT in order to pay a debt which he owed-all of which is false. It took another Court to somewhat straighten this matter.

53. Now we come to CAPITAL ONE and its co-conspirator EXPERIAN, who listed the same vacated judgments on JAFFE'S credit report; and this took JAFFE at least four months to have them delete same. These same debts, included in said judgments, are now listed on JAFFE'S credit report as charged off and/or charged off and sold indicating that JAFFE owed monies to CAPITAL ONE and he did not pay it; and CAPITAL ONE had to charge the debts off and/or sell it. JAFFE has spent the last seven months evidencing that their claims are fraudulent and they

have refused to correct said information. Instead they continue with the fraud by stating that they have investigated/reinvestigated all the matters, and the fraudulent information they are distributing regarding JAFFE, is true and correct. They have refused to provide JAFFE with any information relating to their fraudulent activities

54. Obviously, by charging off the debts they have gained tax benefits not due them; and/or by selling the fraudulent debts they have gained monies fraudulently; and by issuing such fraudulent information to the general public they have destroyed JAFFE'S ability to live a normal life. All of which has caused JAFFE monetary, emotional and physical damages.

55. They even claim on JAFFE'S credit report that JAFFE is using AKAs of Solomon G. JAFFE and/or Sol G. JAFFE without any proof of same; and in total disregard of what JAFFE'S birth certificate, driver license and Social Security card states. One can only assume that the different names they are using support their fraud in some ay or another. However, for there is no legal support for same.

56. The DEFENDANTS have done such outrageous and malicious acts, in order to cause JAFFE harm, that this herein cause of action is certainly warranted.

57. The DEFENDANTS have proven that they are reckless beyond belief; and that they are belligerent in their belief that they can get away with anything; including Fraud in order to harm JAFFE.

58. For Damages see DAMAGE SECTION which follows.

## DECLARATORY RELIEF

1. Declaratory relief as follows:

A. For all DEFENDANTS to remove all negative items from JAFFE'S credit reports that have no legal basis for same.

B. For all collection agencies/ banks et al to stop all collection efforts on any debts that have no legal basis for same.

C. For EQUIFAX to remove all fictitious names and addresses which do not belong to the JAFFE from his credit report.

## DAMAGES

## IN ALL CAUSES OF ACTION AS APPROPRIATE

2. For all costs of suit incurred.

3. For legal interest, to include pre-judgment amounts.

4. Actual and Compensatory damages according to proof at time of trial

5. Exemplary and Punitive damages according to proof at time of trial

6. Statutory damages according to proof at time of trial

7. Pain and suffering damages according to proof at time of trial

8. For such other relief as the court deems fit.

## REQUEST FOR JURY TRIAL

A. A request for jury trial is hereby requested.

This complaint is respectfully submitted by

Executed on: 6/19/14

Sol Jaffe
Plaintiff in pro per

I, Sol Jaffe, declare as follows:

I am the plaintiff in the above entitled action. I have read the above complaint and know its contents. The matters stated in the complaint are true of my own knowledge, except for those items which are alleged on my own information and belief; and as to those

items, I believe them to be true. I, Sol Jaffe, declare under the penalty of perjury, under the laws of the United States of America and the State of Arizona, that the above is true and correct.

Executed on: 6/19/14

Sol Jaffe